COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-207-CR



 

 

 

ERIC PAUL MICHAEL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                     DISSENTING
MEMORANDUM OPINION[1]


                       FROM
REFUSAL TO MODIFY ON 

                 PETITION
FOR DISCRETIONARY REVIEW

 

                                                       ------------








On original submission of this appeal, this court affirmed
Appellant=s conviction, holding that impeachment of
the complainant witness with prior inconsistent statements was an attack on her
character for truthfulness. We reasoned that impeachment by prior inconsistent
statements is always such an attack, and that the cross-examination here thus
justified rehabilitative opinion testimony offered by the State from her former
second grade teacher as to her good character for truthfulness under Texas Rule
of Evidence 608(a).  Michael v. State,
173 S.W.3d 829, 833 (Tex. App.CFort Worth
2005).  On petition for discretionary
review, the Texas Court of Criminal Appeals vacated and remanded for
consideration of the issue whether the character evidence was properly
admitted, based on the test of whether a reasonable juror would believe the
complainant=s character for truthfulness was attacked
by cross-examination, evidence from other witnesses, or statements of
counsel.  Michael v. State, 235
S.W.3d 723, 728 (Tex. Crim. App. 2007).  

On remand, this court assumed, without deciding, that the
trial court abused its discretion by admitting the evidence of the complainant=s good character
for truthfulness but again affirmed the conviction, holding that the assumed
error was nevertheless harmless because it did not have a substantial and
injurious effect or influence on the jury=s verdict.  Michael v. State, No. 02-04-00207-CR,
2008 WL 426180 (Tex. App.CFort Worth, Feb. 14, 2008, pet. filed)
(mem. op., not designated for publication). 









On March 19, 2008, Appellant filed his petition for
discretionary review by the court of criminal appeals of our decision on
remand.  On reconsideration, I am
convinced that our opinion on remand is wrong, and I disagree with the decision
of the majority not to withdraw and modify or correct the opinion and judgment.
 See Tex. R. App. P. 50.  I
would hold that the trial court abused its discretion by admitting the
testimony of the complainant=s former teacher
as to the complainant=s character for truthfulness because the
cross-examination of the complainant was specific impeachment merely
highlighting testimonial defects in the accuracy of her memory.  I would hold that allowing the teacher=s opinion
testimony improperly bolstered the complainant=s testimony.








The teacher=s opinion carried
an aura of authority and expertise (together with references to the school
records).  The verdict was based solely
on the complainant=s in- and out-of-court statements in a
trial that turned on the complainant=s credibility from
beginning to end, versus the testimony of Appellant.  The complainant said it happened; Appellant
said it did not.  The teacher=s opinion of the
complainant=s good character for truthfulness went to
the heart of the case.  Considering
everything in the record, including the voir dire and closing arguments and the
theories of the case espoused by the State and Appellant, I would further hold
that the error had a substantial and injurious effect on the jury=s verdict.  See Tex.
R. App. P. 42.2(b); Shutz v. State, 63 S.W.3d 442, 444 (Tex.
Crim. App. 2001).  Consequently, I would
reverse the conviction and remand for a new trial.  

 

 

ANNE GARDNER

JUSTICE

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 17, 2008

 











[1]See Tex. R. App. P. 47.4.